## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**ROY JOSHLIN**                                             **PETITIONER**

**v.**                          **NO. 3:23-cv-00039-DPM-PSH**

**DOE**                                                     **RESPONDENT**

## ORDER

Petitioner Roy Joshlin ("Joshlin") began this case on February 7, 2023, by filing what the Clerk of the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the submission, Joshlin challenged his attorney's representation, noting that he was "filing this (Rule 37) in regards to my lawyer." See Docket Entry 1 at CM/ECF 1. Joshlin attested to the truthfulness of his submission, noting that he had read his "petition for post-conviction relief." See Id. at 3.

The Court has reviewed this case as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The case is seriously flawed in at least three respects. First, it is not clear that

Joshlin's submission is one pursuant to 28 U.S.C. 2254. Instead, it may be that he intended to file his submission in state court as a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.

Second, the submission, if it is indeed a petition pursuant to 28 U.S.C. 2254, does not contain a number of key facts. They include, but are not limited to, the name of Joshlin's custodial agent, the judgment of conviction Joshlin is challenging, the date of his sentencing, his claims and the facts supporting those claims, and whether he raised the claims at bar in state court.

Third, Joshlin failed to accompany his submission with either the five dollar filing fee or a motion for leave to proceed in forma pauperis. He must either pay the filing fee or obtain leave to proceed in forma pauperis before service of process can be ordered.

Given the foregoing, the Court orders the following:

1) the Clerk of the Court is directed to send Joshlin the standard forms for filing a petition pursuant to 28 U.S.C. 2254;

2) if Joshlin desires to proceed in federal court pursuant to 28 U.S.C. 2254, he shall make his desire known by: a) completing the standard forms, and b) filing them with the Clerk of the Court by no later than the close of business on March 14, 2023;

3) the Clerk of the Court is also directed to send Joshlin the standard forms for filing a motion for leave to proceed in forma pauperis;

4) if Joshlin desires to proceed in federal court pursuant to 28 U.S.C. 2254, he shall either pay the five dollar filing fee or file a motion for leave to proceed in forma pauperis by no later than the close of business on March 14, 2023;

5) service of process will not be ordered at this time;

6) if Joshlin does not desire to proceed in federal court pursuant to 28 U.S.C. 2254, he shall notify the Court by no later than the close of business on March 14, 2023; and

7) in the event Joshlin fails to comply with the terms of this Order by March 14, 2023, the Court will recommend that this case be dismissed without prejudice.[1]

---

[1]    Joshlin is also notified of his obligation to comply with the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the Eastern District of Arkansas. Specifically, he is directed to Local Rule 5.5(c)(2), which provides the following:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 14th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE