**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ROY JOSHLIN** **PETITIONER**

**v.** **NO. 3:23-cv-00039-DPM-PSH**

**DEXTER PAYNE** **RESPONDENT**

**ORDER**

Petitioner Roy Joshlin ("Joshlin") began this case by filing what the Clerk of the Court ("Clerk") construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, Joshlin challenged his attorney's representation in a criminal proceeding.

The Court reviewed the petition and found that it was flawed in at least three respects. First, it was not clear that the petition was one pursuant to 28 U.S.C. 2254. Second, the petition did not contain a number of key facts. Third, Joshlin failed to accompany his petition with either the five dollar filing fee or a motion for leave to proceed in forma pauperis. The Court therefore ordered, in part, the following:

1) the Clerk was directed to send Joshlin the standard forms for filing a petition pursuant to 28 U.S.C. 2254;

2) if Joshlin desired to proceed in federal court pursuant to 28 U.S.C. 2254, he would have to make his desire known by completing the standard forms and filing them with the Clerk;

3) the Clerk was also directed to send Joshlin the standard forms for filing a motion for leave to proceed in forma pauperis; and

4) if Joshlin desired to proceed in federal court pursuant to 28 U.S.C. 2254, he would have to either pay the filing fee or file a motion for leave to proceed in forma pauperis.

Joshlin has now filed an amended petition pursuant to 28 U.S.C. 2254. See Docket Entry 4. In the petition, Joshlin clarified that he is challenging his attorney's representation in connection with Joshlin's 2022 guilty plea in Greene County Circuit Court ("trial court"). Joshlin also represented that although he is currently incarcerated in the Greene County Detention Center, he will be serving his sentence in the custody of the Arkansas Division of Correction. Additionally, he represented that he has filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 but does not know whether the trial court has ever addressed the petition.

Joshlin accompanied his amended petition with the pending motion for leave to proceed in forma pauperis. See Docket Entry 3. In the motion, an authorized officer at Joshlin's present place of incarceration represented, in part, the following:

1) Joshlin's total deposits for the last six months were $552.00;

2) his average monthly account balance was $12.34; and

3) his current account balance is $20.05.

The Court has reviewed the record in this case and now orders the following:

1) the motion for leave to proceed in forma pauperis is denied as Joshlin has the means to pay the filing fee;

2) he is given up to, and including, April 10, 2023, to pay the five dollar filing fee;

3) in the event he fails to pay the filing fee by the close of business on April 10, 2023, the Court will recommend that this case be dismissed without prejudice;

4) unless and until the filing fee is paid, service of his amended petition will not be ordered; and

5) it is now clear that the correct respondent is Dexter Payne, and the Clerk shall enter Dexter Payne as the correct respondent.

Joshlin is again notified of his obligation to comply with the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the Eastern District of Arkansas. Specifically, he is directed to Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 9th day of March, 2023.

UNITED STATES MAGISTRATE JUDGE