**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ROY A. JOSHLIN** **PETITIONER**

**v.** **NO. 3:23-cv-00039-DPM-PSH**

**DEXTER PAYNE** **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Roy Joshlin ("Joshlin") challenges his 2022 guilty plea. It is recommended that this case be dismissed because the claims he raises are procedurally barred from federal court review.

In February of 2022, Joshlin was charged in Greene County Circuit Court with rape; battery in the second degree; driving while intoxicated, first offense; careless and prohibited driving; and refusing to submit to a chemical test. He eventually signed a Guilty Plea Statement and a Plea and Sentence Recommendation in which he agreed to plead guilty to sexual assault in the second degree and driving while intoxicated, first offense, and the State of Arkansas agreed to dismiss the other charges. See Docket Entry 9, Exhibit B. In August of 2022, he was sentenced to ten years' imprisonment, followed by ten years' suspended imposition of sentence. Joshlin did not appeal any aspect of his guilty plea or sentence, and there is no record of him having filed a timely petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37").[1]

[1] Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea, although there are exceptions to the rule. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014). Arkansas Rule of Criminal Procedure 37.2 provides that a petition must be filed within ninety days of the entry of judgment.

In February of 2023, Joshlin began the case at bar by filing what the Clerk of the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the submission, Joshlin challenged his attorney's representation, noting that Joshlin was "filing this (Rule 37) in regards to my lawyer." See Docket Entry 1 at CM/ECF 1. Joshlin attested to the truthfulness of his submission, noting that he had read his "petition for post-conviction relief." See Docket Entry 1 at CM/ECF 3.

The undersigned reviewed the submission and determined that it was flawed in several respects, one of which was that it was not clear that the submission was one pursuant to 28 U.S.C. 2254. Instead, it was possible that Joshlin intended to file his submission in state court as a petition pursuant to Rule 37. He was therefore ordered to file an amended petition, if he desired to proceed in federal court pursuant to 28 U.S.C. 2254.

Joshlin thereafter filed an amended petition pursuant to 28 U.S.C. 2254. In the amended petition, he challenged his guilty plea on the following grounds:

> I felt I was not represented properly[.] I was not sit down and talked to [about] the best option available. I also felt bribed/coerced into taking a plea that was a less charge. My lawyer asked me what my life was worth to me as far as taking my case to trial. I had evidence of my innocence as well.

See Docket Entry 4 at CM/ECF 5. Likely recognizing that the procedural bar issue might arise, he addressed it in his amended petition. He represented the following as to the issue: "I tried filing a Rule 37 [petition] with my circuit court. [F]illed out all the paperwork and sent it to the circuit clerk notarized, and still have not heard anything from anyone." See Docket Entry 4 at CM/ECF 5. He also represented that he wrote a letter to "the judge" but heard nothing in response. See Docket Entry 4 at CM/ECF 6.

Respondent Dexter Payne ("Payne") filed a response to the petition. In the response, Payne maintained that the petition should be dismissed because Joshlin's claims are procedurally barred from federal court review and are otherwise without merit.

Before giving serious consideration to Payne's assertions, the undersigned accorded Joshlin an opportunity to file a reply. Joshlin filed nothing in reply, and the time for doing so has now passed.

A federal court cannot consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. See Shinn v. Ramirez, --- U.S. ---, 142 S.Ct. 1718, 212 L.Ed.2d 713 (2022). A claim not so presented may nevertheless be considered in one of two instances. First, it can be considered if the petitioner can show cause for his procedural default and prejudice. See Burford v. Payne, No. 4:20-

cv-00398-KGB-JJV, 2020 WL 8299805 (E.D. Ark. July 15, 2020), report and recommendation adopted, No. 4:20-cv-00398-KGB, 2021 WL 280880 (E.D. Ark. Jan. 27, 2021).[2] Second, the claim can be considered if the petitioner can show that the failure to consider the claim will result in a fundamental miscarriage of justice, that is, a constitutional violation has resulted in the conviction of one who is actually innocent. See Id.

Here, Joshlin never presented the claims at bar to the state courts of Arkansas. He could not have raised the claims in a direct appeal of his guilty plea or sentence, and there is no record of him having filed a timely Rule 37 petition raising the claims. He maintains that he attempted to file a Rule 37 petition but was prevented from doing so. He failed, though, to substantiate his assertion. Specifically, there is no evidence that the petition, assuming he submitted one to the state courts, was timely; that Joshlin raised the claims at bar in that petition; or that state officials somehow impeded his attempt to file a timely petition raising the claims. He has therefore procedurally defaulted the claims, and the only question is whether his default can be excused.

[2] To establish cause, the petitioner must show that an objective factor external to the defense impeded his attorney's efforts to comply with the state's procedural rules. See Shinn v. Ramirez, supra. To establish prejudice, the petitioner must show that the constitutional violation worked to his actual and substantial disadvantage. See Id.

Liberally construing Joshlin's pro se pleadings, he appears to maintain that his procedural default should be excused because he received ineffective assistance of counsel as a part of pleading guilty. His apparent assertion is unavailing.

Before ineffective assistance of trial counsel can be used to establish cause for a procedural default, ineffective assistance of trial counsel must first be presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017). Joshlin never presented ineffective assistance of trial counsel to the state courts as an independent Sixth Amendment claim, and he cannot now use ineffective assistance of trial counsel to establish cause for his default.

Alternatively, Martinez v. Ryan, 566 U.S. 1 (2012), provides a means for excusing a procedural default when there is no counsel in an "initial-review collateral proceeding."[3] The Martinez exception is of no benefit in this instance, though, for three reasons.

[3] "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." See Martinez v. Ryan, 566 U.S. at 17.

First, "[f]ederal district courts in Arkansas have consistently held that a habeas petitioner ... must, at a minimum, initiate a 'state collateral review proceeding' by filing a Rule 37 petition with the state trial court before he can rely on Martinez to excuse his procedural default." See Lane v. Kelley, 2017 WL 5473925 at 4. Joshlin never sought post-conviction relief by filing a timely Rule 37 petition, and his failure to file a timely Rule 37 petition prevents Martinez from excusing his default.

Second, the Martinez exception only excuses the procedural default of a claim of ineffective assistance of trial counsel. The exception excuses no other claim.[4] Thus, Martinez cannot salvage Joshlin's apparent claim that he is actually innocent.

Third, the Martinez exception only excuses the procedural default of a substantial claim of ineffective assistance of trial counsel, that is, the claim must have "some merit." See Martinez v. Ryan, 566 U.S. at 14. A "substantial claim" does not include a claim that is "wholly without factual support." See Id. at 16. Here, Joshlin's claim of ineffective assistance of

---

4 See e.g., Lane v. Kelley, supra, (Martinez cannot excuse default of claims of trial error or ineffective assistance of direct-appeal counsel); Robinson v. Kelley, No. 5:14-cv-00343-BSM-JTR, 2015 WL 4944130 (E.D. Ark. Aug. 3, 2015), report and recommendation adopted, No. 5:14-cv-00343-BSM, 2015 WL 4943588 (E.D. Ark. Aug. 19, 2015) (Martinez cannot excuse default of claims of prosecutorial misconduct or trial error).

trial counsel is devoid of factual support. It is not clear how his attorney failed to properly represent him, and Joshlin has not identified what "best option" was available. See Docket Entry 4 at CM/ECF 5. His assertion that he was coerced into pleading guilty is belied by his attestations in the Guilty Plea Statement and Plea and Sentence Recommendation.

Liberally construing Joshlin's pro se pleadings, he appears to maintain that he is actually innocent, a showing of which can excuse a procedural default. He must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). Joshlin has failed to make that showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (2006). Thus, he cannot show that a fundamental miscarriage of justice will occur if his claims are not considered.

Accordingly, the undersigned finds that Joshlin failed to give the state courts of Arkansas an opportunity to address the claims at bar. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claims are not considered. The claims are procedurally barred from federal court review. It is therefore recommended that Joshlin's petition be dismissed, all

requested relief be denied, and judgment be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. The undersigned is not persuaded that Joshlin can make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 1st day of June, 2023.

UNITED STATES MAGISTRATE JUDGE